# DISTRICT OF COLUMBIA v. HOLTON.

### DAMAGES; INSTRUCTIONS TO JURY.

In an action by a husband and wife against the District of Columbia to recover damages for an injury to the female plaintiff resulting from a fall against a pile of bricks piled on or near a sidewalk, an instruction to the jury requested by the defendant, that damages could not be recovered for any injuries to the uterus or spine of the female plaintiff resulting from any fall suffered by her after the date of the original injury, was refused, but at the plaintiff's request was qualified so as to instruct the jury that they should not "mitigate the damages, if the pain and suffering caused by subsequent falls were merely aggravations of specific diseases and disorders existing at the time, which had been caused by the fall complained of in the declaration, and said subsequent falls were the actual and natural result of a weakened condition of limb resulting from the first fall and were not the result of negligence on her part." *Held*, that it was error to grant this instruction, as it tended to mislead and confuse the jury and allowed too great latitude in estimating damages.

No. 912. Submitted October 13, 1899. Decided November 8, 1899.

HEARING on an appeal by the District of Columbia from a judgment on verdict in an action by a husband and wife to recover damages for personal injuries to the wife. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. A. B. Duvall,* Attorney for the District of Columbia, and *Mr. Clarence A. Brandenburg,* Assistant Attorney, for the appellant.

*Mr. O. B. Hallam* for the appellees.

Mr. Justice MORRIS delivered the opinion of the Court:

On February 7, 1898, the appellees, Hoyt A. Holton and Melvie M. Holton, his wife, instituted this suit to recover damages from the appellant, The District of Columbia, for

alleged negligence of the latter, resulting in serious injury to the appellee, Melvie M. Holton. The injury is alleged to have happened on March 8, 1897, at half past ten or eleven o'clock at night, while the said appellee, Melvie M. Holton, was walking along H street northeast, between Eleventh and Twelfth streets east, where the authorities of the District of Columbia were at the time engaged in the construction of a sewer; and it is stated to have been caused by her falling against a pile of bricks piled on or near the sidewalk and resting against an adjacent fence, which pile of bricks, it is claimed, was left unguarded by a light to give warning to pedestrians passing that way.

At the trial of the cause in the Supreme Court of the District of Columbia before a jury, various exceptions were taken on behalf of the defendant to rulings of the court on instructions requested, and one exception was reserved to the introduction of certain testimony. Only five of the alleged errors are greatly insisted on before us; and one of these, which was most strenuously pressed upon our attention, was the refusal of the trial court peremptorily to direct a verdict for the defendant on the ground both of the alleged failure of proof to show negligence on the part of the defendant, and of the sufficiency of proof of contributory negligence on the part of the injured plaintiff. But we are not satisfied that it was error in the trial court, under the condition of the testimony in the cause, to submit the case to the jury for its determination.

We think, however, that there was error in the rule for the measure of damages given to the jury.

The eighth instruction requested by the defendant was in these words: "The jury are instructed that there can be no allowance of damages in this case for any injuries to the uterus or spine of the female plaintiff resulting from any fall which the evidence shows she suffered after March 8, 1897." This was very properly refused by the court unless it was in some way qualified. Counsel for the defendant offered no qualification of it; but the counsel for the

plaintiff did offer a qualification of it in the following words: "But the jury shall not mitigate the damages if the pain and suffering caused by subsequent falls were merely aggravations of specific diseases and disorders existing at the time, which had been caused by the fall complained of in the declaration, and said subsequent falls were the actual and natural result of a weakened condition of limb resulting from the first fall and were not the result of negligence on her part." And the instruction so qualified was given to the jury over the objection of counsel for the defendant, who excepted to the qualification. Both the instruction which was refused and the qualification which was granted were based upon certain testimony adduced on behalf of the plaintiffs, which tended to show that the female plaintiff after the accident to her "had almost immediately begun to have symptoms of uterine disease, while previously in perfect health, and had been since the fall continuously subject to sudden loss of motor power in the left ankle and by its sudden giving away had several serious falls, among others twice down flights of steps;" and that "she complained of suffering numbness, weakness and aching pain in left foot and ankle, pain in lumbar region and at tip of spine, inability to lie on back, fatigue on slight exertion, with dragging sensation in lumbar region."

It is difficult to understand the instruction as given to the jury with the superadded qualification. It was evidently prepared in haste and without due consideration. It is in fact meaningless as it stands; and it is only by conjecture that any definite signification can be extracted from it. The jury were told that they should not "*mitigate the damages,* if the pain and suffering were merely aggravations of specific diseases and disorders existing at the time," as though it were their duty first to assess a definite lump sum, and then to diminish this sum only in the event that certain pain and suffering were not the result of certain "specific diseases and disorders." This is not the proper way to state the rule of damages. It is plainly confusing and misleading.

Then how can "pain and suffering" be said with any propriety to be "*aggravations* of diseases and disorders?" Pain and suffering are the result, and may be the cause, of diseases and disorders; but in no proper sense can they be said to be "*aggravations*." What is meant by the word *specific* in this connection with diseases and disorders? We are left to conjecture for the answer. "Diseases and disorders existing at the time!" At what time? Presumably at the time of the several "subsequent falls;" but this is by no means certain. Again: the two clauses of the instruction do not seem to be wholly consistent. In the first, the pain and suffering resulting from subsequent falls are assumed to be "aggravations of existing diseases and disorders;" while, in the second, these subsequent falls are assumed to be an "actual and natural result of a weakened condition of limb resulting from the first fall." That is, in the first clause, the pain and suffering from subsequent falls are assumed to be mere aggravations of existing disease; in the second clause, these subsequent falls are assumed to be distinct and independent injuries, yet naturally resulting from weakness of limb, which was itself the result of the first fall. The proposition is too involved and complex.

The jury were entitled to have the law laid down to them in plain and simple form, intelligible to the ordinary mind, and free from doubt. That this instruction failed to conform to that requirement, is very evident. It is very clear that it tended to confuse and mislead the jury; and for that reason alone, if for no other, it must be regarded as error for which the judgment must be reversed.

But this instruction is objectionable on another and more serious ground. It allows too great a latitude in the estimation of damages. It authorizes the jury to take into consideration remote and indirect damages for which there might be some other efficient cause. If, for example, confronted by some sudden danger or under the influence of some sudden terror, the injured plaintiff sought to escape from a place of peril, and in consequence of the weakness

of her limbs fell in her effort and suffered pain and injury therefrom, this undoubtedly would be too remote from the negligent act of the District of Columbia assumed to be the cause of the first fall and of the first injury; and yet for such a fall as this the plaintiff would be entitled to recover under the instruction in question. For such a fall would be the "actual and natural result of a weakened condition of limb resulting from the first fall," and might be entirely without negligence on the part of the plaintiff; and yet there would be an intervening, efficient, and proximate cause to which the injury of the second fall would have to be referred. The vice of the instruction as given lies in the fact that it does not exclude from the consideration of the jury in their estimation of damages any subsequent falls to which the plaintiff was subjected by reason of the weakness of her limbs, which were not only the result of the first fall, but whereof there was other intervening and proximate cause. It is necessary to guard against speculation in remote damages, on account of the vague, indefinite, and purely conjectural field of inquiry which it would open up.

This rule is well illustrated in several adjudged cases. See *Marble* v. *Worcester*, 4 Gray, 395 ; *Sharp* v. *Powell*, L. R. 7 C. P. 253; *McTavish* v. *Carroll*, 13 Md. 429 ; *Penna. Co.* v. *Roy*, 102 U. S. 451 ; *Smith* v. *Bolles*, 132 U. S. 125 ; *Memphis* v. *Brown*, 20 Wall. 289 ; although the last two cases were not for torts, but for breaches of contract.

Being of opinion that there was error in the ruling of the court with reference to the instruction in question, and that it tended to mislead the jury, we are constrained, on account of it, to reverse the judgment, and to remand the cause to the Supreme Court of the District of Columbia with directions to award a new trial.

The other assignments of error it is unnecessary to consider here.

The judgment appealed from will be *reversed, and the cause will be remanded for a new trial. And it is so ordered.*